

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben J. Dean
District Attorney
Breckenridge, Texas

Dear Sir:.

Opinion No. O-1060
Fees Chargeable in District Court
cases

　　　This will acknowledge receipt of your letter of June 27, 1939, in which you submit for an opinion of this department the question of whether article 3927 or 3930, Revised Civil Statutes of Texas, 1925, is to be followed in the collection of fees for cases filed in the district court of Stephens County, which prior to the passage of House Bill No. 599 of the Regular Session of the Forty-sixth Legislature, were properly county court cases. We set out the pertinent parts of your letter as follows:

　　　"It will be noted from a comparison of these two articles that the fees of District Clerks for the same service are considerably more than the fees to the County Clerk. I attribute this to the fact that county court cases do not involve as much and that the idea of the Legislature was to base the fees on the amount involved in controversy.

　　　"Under the terms of H.B. No. 599 of the regular session of the Forty-sixth Legislature, Vernon's Texas Session Law Service, p. 168, the jurisdiction of the County Court of Stephens County was diminished in that civil and criminal jurisdiction was transferred to the district court and the bill provided that all papers should be filed in the district court and the minutes be taken care of by the District Clerk.

　　　"Is it your opinion that the District Clerk of Stephens County, in cases filed in the district court that ordinarily would be filed in the county court had not the jurisdiction been transferred to the district court, would be entitled to charge for fees the rates prescribed in Article 3927 or would he be required to charge for fees the rates prescribed in Article 3930 which governs county court fees?"

Article 3927, Revised Civil Statutes of Texas, 1925, provides the authority of district clerks to charge and collect fees for services rendered by them in civil cases.

Article 3930, Revised Civil Statutes of Texas, 1925, is the authority for assessing and collecting fees by the county clerk.

House Bill No. 599, acts of the Regular Session of the Forty-sixth Legislature provides, in part, as follows:

"That the District Court having jurisdiction in said Stephens County shall have and exercise jurisdiction in all matters and cases of a civil and criminal nature, whether the same be of original jurisdiction or of appellate jurisdiction, over which, by the General Laws of the State of Texas now existing and hereinafter enacted the County Court of said County would have had jurisdiction, and that all pending civil and criminal cases be and the same are hereby transferred to the District Court for the Ninetieth Judicial District of Texas, sitting in Stephens County, Texas, and all writs and process heretofore issued by or out of said County Court in said civil or criminal cases be and the same are hereby made returnable to the next term of the District Court, in and for the Ninetieth Judicial District of Texas sitting in Stephens County, Texas. Provided, however, that there shall not be transferred to said District Court jurisdiction over any judgments, even in civil or criminal cases, rendered prior to the time this Act takes effect and which have become final, but as to such judgments the said County Court shall retain jurisdiction for the enforcement thereof by execution, order of sale, or other appropriate process. . . "

Thus, it is seen, that the Legislature, in its wisdom, has seen fit to broaden the scope of jurisdiction of the District Court of Stephens County, Texas. By the very nature of the duties of the District Clerk of Stephens County, he is charged with keeping the records of the proceedings in the district Court to which he is attached. As a necessary incident to the court's broadened powers the district clerk is given increased duties to perform. House Bill No. 599, supra, makes no provisions for litigants in the district court, who, previous to the passage of such act, would have paid fees into the office of county clerk, to continue paying the schedule of fees set out in Article 3930, supra.

We necessarily reach the conclusion, and you are so advised, that all litigants in the District Court of Stephens County whether there by virtue of the original jurisdiction of such court prior to

Hon. Ben J. Dean, Page 3

the passage of House Bill No. 599, or there necessarily by reason of its broadened jurisdiction, are amenable to and must pay the fees provided for in Article 3928, supra.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          /s/ Lloyd Armstrong
                       Assistant

LA:ob

APPROVED JUL 21, 1939

W.F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee
By T.D.R., Chairman